UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL PATRICK NORRIS,
ROBERT REID, *et al.*,

    Plaintiffs,

v.

HONEYWELL INTERNATIONAL,
INC. and HONEYWELL FEDERAL
MANUFACTURING &
TECHNOLOGIES, LLC,

    Defendants.

Case Nos.: 8:22-cv-1675-CEH-TGW
*Consolidated with* 8:22-cv-2210-CEH-MRM

## ORDER

This matter comes before the Court on Plaintiff Michael Patrick Norris's Unopposed Motion to Transfer (Doc. 78), Plaintiffs' Robert Reed, *et al.*, Unopposed Motion to Transfer (Doc. 79), and the parties' Joint Motion to Stay (Doc. 80). In the motions to transfer, Plaintiffs seek to transfer these consolidated employment actions to the Western District of North Carolina and the Western District of Missouri. The parties also seek to stay these actions, including their upcoming deadlines, pending resolution of the motions to transfer.

## BACKGROUND

Plaintiff Michael Norris filed suit against Defendant Honeywell International, Inc. ("Honeywell"), on July 26, 2022, alleging several causes of action related to Honeywell's COVID-19 vaccine mandate on behalf of himself and others similarly

situated. Doc. 1. A group of 60 additional current or former employees of Honeywell or its subsidiary, Honeywell Federal Manufacturing & Technologies, LLC ("FM&T"), led by named Plaintiff Robert Reid ("the Reid Plaintiffs"), initiated a second suit against Defendants on September 23, 2022, on behalf of themselves and all similarly situated individuals. *See* Dkt. No. 8:22-cv-2210-CEH-MRM, Doc. 1. The Reid Plaintiffs allege similar factual grounds as Norris. *Id.* On February 22, 2023, the Court granted Plaintiffs' unopposed motion to consolidate the two actions into Docket Number 8:22-cv-1675-CEH-TGW. *See* Dkt. No. 8:22-cv-2210-CEH-MRM, Docs. 25, 29.[1]

On September 26, 2023, the Court issued an Order that granted-in-part and denied-in-part Defendants' motions to dismiss. Doc. 65. In relevant part, the Court found that venue was improper in the Middle District of Florida as to the 44 Reid Plaintiffs who do not live or work in Florida. *Id.* at 12-14. Moreover, the Court declined to transfer the action to the Western District of North Carolina, because the allegations of the then-operative pleading did not indicate that venue would be proper there as to every Named Plaintiff. *Id.* at 15-16. Accordingly, the Court severed and dismissed the non-Florida Reid Plaintiffs' claims without prejudice and with leave to, *inter alia*, file an amended pleading whose allegations would allow transfer of all Plaintiffs' claims to another district. *Id.* at 16. The Court also dismissed some of the

---

[1] The docket numbers cited in the remainder of this Order refer to the lead case, Dkt. No. 8:22-cv-1675-CEH-TGW.

claims pursuant to Federal Rule of Civil Procedure 12(b)(6), leaving only claims under Title VII of the Civil Rights Act of 1964. *See id.*

Plaintiffs subsequently filed an amended pleading in both actions. Docs. 69, 70. Both complaints allege that venue is proper for all Plaintiffs in the Western District of North Carolina, because:

> [T]he COVID-19 Vaccine Mandate at issue was derived and executed from Defendant Honeywell's corporate Human Resources in Charlotte, North Carolina. Defendant FM&T received the COVID-19 Vaccine Mandate from Defendant Honeywell's corporate Human Resources in Charlotte, North Carolina. Thus the unlawful employment practice was committed in Charlotte, North Carolina. Furthermore, the employment record relevant to the COVID-19 Vaccine Mandate and the Plaintiffs' compliance with it are maintained and administered in Charlotte, North Carolina. Defendant Honeywell prescribed the application of the COVID-19 Vaccine Mandate to all Plaintiffs. Finally, pursuant to 42 U.S.C. § 20000e-5(f)(3), Defendant Honeywell is headquartered in Charlotte, North Carolina.

Doc. 69 ¶ 11; Doc. 70 ¶ 9. The Reid Plaintiffs' Second Amended Complaint further alleges that FM&T is a subsidiary of Honeywell that has its principal place of business in Kansas City, Missouri. *Id.* ¶ 15. Plaintiffs contend that there is a joint employment relationship between Defendants with respect to the Reid Plaintiffs and all similarly-situated individuals. *Id.* ¶ 16.

Plaintiffs now move to transfer both actions out of the Middle District of Florida pursuant to 28 U.S.C. §§ 1404 and 1406(a). Docs. 78, 79. Norris seeks to transfer his action to the Western District of North Carolina. Doc. 78. The Reid Plaintiffs ask to transfer the claim of those among them who worked for Honeywell to the Western District of North Carolina, and to transfer the claims of those who worked for FM&T

to the Western District of Missouri. Doc. 79. Defendants do not oppose either transfer.

The parties also move to stay all pending deadlines in this action pending resolution of the Motions to Transfer. Doc. 80.

## DISCUSSION

The Court may transfer an action, "[f]or the convenience of parties and witnesses, in the interest of justice…to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a). In addition, if venue is improper in the district in which an action was brought, the Court must either dismiss the action or transfer it to any district in which it could have been brought. 28 U.S.C. § 1406(a).

42 U.S.C. § 2000e-5(f)(3) governs venue for Title VII actions. *See Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006) ("The venue provisions of § 2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and that the more general provisions of [28 U.S.C.] § 1391 are not controlling in such cases.") (citations omitted). Under this provision, a Title VII action may be brought:

> (1) "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed"; (2) "in the judicial district in which the employment records relevant to such practice are maintained and administered"; or (3) "in the judicial district in which the aggrieved person would have worked but for the unlawful employment practice."

42 U.S.C. § 2000e-5(f)(3). However, "if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office." *Id.*

Here, for the same reasons described in the Court's September 26, 2023 Order, the Court finds that venue is improper in the Middle District of Florida for the Reid Plaintiffs who do not live or work in Florida. Transfer or dismissal of their claims is therefore required under 28 U.S.C. § 1406(a). To the extent that Norris' and the remaining Reid Plaintiffs' claims were properly brought in this district, the Court will evaluate whether transfer to another district is appropriate under 28 U.S.C. § 1404(a). Both analyses require the Court to determine where the action "could have been brought" under Title VII. *Id.*; *see id.* § 1406(a).

Plaintiffs seek to transfer most of their claims to the Western District of North Carolina. Their motions explain that Norris and the Reid Plaintiffs "allege the unlawful employment practice at issue is Defendant Honeywell's COVID-19 Vaccine Mandate which was derived and executed from Defendant Honeywell's corporate Human Resources in Charlotte North Carolina." Doc. 78 at 2-3; Doc. 79 at 3. Further, the Plaintiffs who work or worked for Honeywell "allege that the relevant employment records to the COVID-19 Vaccine Mandate are maintained and administered at Defendant's corporate headquarters in Charlotte, North Carolina." *Id.*; Doc. 78 at 3. The Reid Plaintiffs who work or worked for FM&T argue that they would have worked in the Western District of Missouri but for the alleged unlawful employment practice, and ask that the Court transfer their claims to that district. Doc. 79 at 3.

Based on the allegations in the operative pleadings, the Court finds that the Title VII claims of *all* Plaintiffs could have been brought in the Western District of North Carolina. The Reid Plaintiffs' Second Amended Complaint alleges that "Defendant Honeywell mandated that all of its employees receive the COVID-19 vaccine" and that "FM&T executed Defendant Honeywell's COVID-19 vaccine mandate as prescribed by Defendant Honeywell." Doc. 70 ¶ 20. The complaint goes on to allege that Honeywell sent multiple emails to all employees, "including those of FM&T" regarding the vaccine mandate as well as the consequences of not receiving it, which Plaintiffs allege constituted discrimination. *Id.* ¶¶ 34-39, 53-54. The remainder of the complaint appears to describe related actions and policies by Honeywell that applied to employees of both Honeywell and FM&T. The complaint therefore adequately alleges that the unlawful employment practice was committed at Honeywell's headquarters in the Western District of North Carolina as to all Plaintiffs, including those who work or worked for FM&T. *Id.* ¶ 9; 42 U.S.C. § 2000e-5(f)(3)(a).

The parties request that the Court transfer the claims of some of the Reid Plaintiffs to the Western District of Missouri. But the Second Amended Complaint does not adequately allege that those plaintiffs "would have worked [there] but for the unlawful employment practice." *Id.* § 2000e-5(f)(3)(c). On the contrary, its allegations—including those expressly regarding venue, *see* Doc. 70 ¶ 9—are focused on the Western District of North Carolina and the joint actions of Honeywell and FM&T that allegedly occurred in that district. Moreover, the parties have not demonstrated that the interests of justice support transferring some Named Plaintiffs'

claims to one district and others' to another, while the operative complaint combines all of their claims into a single pleading and alleges joint actions by the Defendants. The Court therefore finds that it is proper to transfer all Plaintiffs' claims in both actions to the Western District of North Carolina pursuant to 28 U.S.C. §§ 1406(a), 1404(a), and 42 U.S.C. § 2000e-5(f)(3).

Accordingly, it is **ORDERED**:

1. Plaintiff Michael Patrick Norris's Unopposed Motion to Transfer (Doc. 78) is **GRANTED**. Case No. 8:22-cv-1675-CEH-TGW is transferred to the Western District of North Carolina for all further proceedings.

2. Plaintiffs Robert Reid, *et al.*'s Unopposed Motion to Transfer (Doc. 79) is **GRANTED-IN-PART and DENIED-IN-PART**. The motion is granted to the extent that all Plaintiffs' claims in Case No. 8:22-cv-2210-CEH- MRM are transferred to the Western District of North Carolina for all further proceedings.

3. The Clerk is directed to docket a copy of this order in Case No. 8:22-cv-2210-CEH-MRM.

4. The Clerk is directed to immediately transfer these consolidated actions to the Western District of North Carolina and close this case and Case No. 8:22-cv-2210-CEH-MRM.

5. The parties' Joint Motion to Stay (Doc. 80) is **DENIED as moot**.

**DONE** and **ORDERED** in Tampa, Florida on December 5, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties